IN THE UNITED STATES DISTRICT COURT
FORT THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Joseph Clark,<br><br>   Plaintiff,<br><br>v.<br><br>Heritage Hospitality, LLC;<br>Highmark Lodging, LLC;<br>DHB Property, LLC;<br>Dickinson Lodging Group, LLC;<br>Merlin Hotel Group, LLC;<br><br>   Defendants. | **ORDER**<br><br><br><br>Case No.: 1:24-cv-00007 |

Plaintiff Joseph Clark ("Plaintiff"), who is proceeding pro se and *in forma pauperis*, filed a complaint under the Americans with Disabilities Act ("ADA"). On February 7, 2024, the court ordered Plaintiff to file an Amended Complaint or otherwise show cause by March 6, 2024, or the above-entitled action would be dismissed in its entirety. Plaintiff has not filed an Amended Complaint or otherwise shown cause. For the reasons discussed below, the court dismisses this action without prejudice.

I. **BACKGROUND**

Plaintiff Joseph Clark ("Plaintiff") filed a complaint asserting a violation of the ADA, naming Heritage Hospitality, LLC, Highmark Lodging, LLC, DHB Property, LLC, Dickinson Lodging Group, LLC, and Merlin Hotel Group, LLC as Defendants. (Doc. No. 4). In the complaint, he accused the Defendants of being noncompliant with the ADA by not having lifts for their pools, and in some instances for their hot tubs. (*Id* at 2-3.). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 1).

On January 11, 2024, the court granted Plaintiff's motion to proceed *in forma pauperis*. (Doc. No. 3). The court also reviewed his complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 5). Based on the court's review of his complaint, the court found Plaintiff failed to establish that he was disabled within the meaning of the ADA and ordered Plaintiff to show cause or file an Amended Complaint addressing the deficiencies in his original complaint[1] by March 6, 2024. (*Id.* at 4-5).

## II.   LAW AND DISCUSSION

On February 7, 2024, the court ordered Plaintiff to file an Amended Complaint or otherwise show cause by March 6, 2024. The court warned that a failure to timely respond to the court's order would result in a dismissal of the action in its entirety. Plaintiff failed to file an Amended Complaint or otherwise show cause by March 6, 2024.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the court may dismiss an action for failure to comply with a court order. *See* FED. R. CIV. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) ("A district court has the power under FED. R. CIV. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order and, unless otherwise specified, such as dismissal operates as an adjudication on the merits."). Under 28 U.S.C. § 1915(e)(2), the court also has the authority to dismiss a court at any time when it determines the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff has not complied with the court's order to file an Amended complaint or otherwise show cause and has failed to state as claim on which relief may be granted, the court shall dismiss this action without prejudice.

---

[1] Plaintiff does not assert he has a disability in his complaint other than stating he "called each hotel listed herein looking for an accommodating hotel for this plaintiff." (Doc. No. 4 at 2). Nor does the Plaintiff describe or identify his disability. *See also* Doc. No. 5 at 4.

### III.     CONCLUSION

For the reasons articulated above, Plaintiff has failed to comply with the court's order and failed to state a claim entitling him to relief. Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice. The court certifies that an appeal from this dismissal cannot be taken in good faith.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
